```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DAVID L. BURROUGHS,

                        Plaintiff,
                                                    10-CV-6320
            v.
                                                    DECISION
CITY SCHOOL DISTRICT #39 SCHOOL, KEVIN              and ORDER
KLEIN, REBECCA BOYLE, RAY GIAMARTINO, CARA
BRIGGS AND JOSEPH BUTLER, SCHOOL SECURITY,

                        Defendants.
_____
```

## INTRODUCTION

Plaintiff David L. Burroughs, ("Burroughs"), proceeding pro se brings this action pursuant to the Americans with Disabilities Act, codified at 42 U.S.C. 12181 et. seq., claiming that he was discriminated against by the defendants on the basis of a disability. Although the plaintiff does not allege what, if any, disability he suffers from, he claims that he was harassed by defendant's employees, slandered, and that false reports were made against him.

Defendants deny plaintiff's claims, and move to dismiss the plaintiff's Amended Complaint on grounds that Burroughs has failed to exhaust his administrative remedies with respect to his ADA claims. Plaintiff has not filed an opposition to the defendants' motion. For the reasons set forth below, I find that plaintiff has failed to exhaust his administrative remedies with respect to the allegations contained in the Amended Complaint, and therefore, his Amended Complaint must be dismissed with prejudice.

**BACKGROUND**

The following background information is taken from the plaintiff's Amended Complaint, and his administrative complaint filed with the New York State Division of Human Rights. According to the administrative complaint, Burroughs, who is African-American, began working for the defendant City School District as a part-time lunch aide in October, 2008. He claims that in February 2009, he was suspended from his employment while the principal of the school at which he worked investigated a conflict between himself and another employee of the school, who is also black. On March 30, 2009, the principal of the school "banned" Burroughs from the school at which he worked, and it is presumed, though not clear from the Amended Complaint or responding papers, that he was fired. The plaintiff alleged in his administrative complaint that he was discriminated against by the defendants on the basis of his race and color. In the Amended Complaint before this court, plaintiff alleges that he was discriminated against on the basis of a disability. He makes no claim of discrimination based on race or color.

**DISCUSSION**

I.  Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable

inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2nd Circ., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

II. <u>Plaintiff has Failed to Exhaust his Administrative Remedies</u>

Defendants move to dismiss plaintiff's Amended Complaint on grounds that he failed to file an administrative complaint of discrimination alleging that he was discriminated against on the basis of his alleged disability, and therefore, he his prohibited from bringing an action in this court alleging disability discrimination.

It is well-settled that "the exhaustion of administrative remedies is a prerequisite to a civil action in federal court on a claim under the ADA." <u>Paluh v. HSBC Bank USA</u>, 409 F.Supp.2d 178, 196 (W.D.N.Y., 2006) (Foschio, M.J.)(<u>citing</u> <u>Curto v. Edmundson</u>, 392 F.3d 502, 503 (2d Cir. 2004). "A plaintiff's failure to exhaust administrative remedies as to an ADA claim renders the district court without jurisdiction over such claims in a civil action in federal court." <u>Paluh</u>, 409 F.Supp.2d at 196 (citing <u>Polera v. Board of Educ. of Newburgh Enlarged City School District</u>, 288 F.3d 478, 480 (2d Cir.2002). Because in this case, Burroughs failed to raise claims of disability discrimination in his administrative complaint, he may not raise such claims in this lawsuit unless he can establish that the conduct he complains of is reasonably related to the conduct complained of in the administrative charge. <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62, 83 (2nd Cir. 2001). Conduct may be considered reasonably related where: (1) the conduct complained of in the federal complaint can reasonably be expected

to grow out of the administrative claims of discrimination and therefore fall within the administrative investigation; (2) the conduct is retaliatory; or (3) the conduct complained of in the federal complaint is identical to conduct that was alleged in the administrative complaint. <u>Butts v City of New York Dept. of Hous. Pres. & Dev.</u>, 990 F2d 1397, 1401-1403 (2nd Cir. 1993).

In the instant case, a review of plaintiff's administrative complaint reveals that he did not allege disability discrimination in his administrative proceedings, but instead alleged that he had been discriminated against on the basis of his race. Because claims of disability discrimination are not reasonably related to claims of racial discrimination, this court lacks jurisdiction to consider plaintiffs' disability discrimination claims. As a result, I grant defendants' motion to dismiss plaintiff's ADA claims.

## **CONCLUSION**

For the reasons set forth above, I grant defendants' motion to dismiss plaintiff's Amended Complaint in its entirety. Plaintiff's Amended Complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                       s/Michael A. Telesca
                                          Michael A. Telesca
                                   United States District Judge

DATED:    Rochester, New York
             April 22, 2011